UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 2:98-cr-31-FtM-38MRM

JAIME GARCIA
_____/

### **ORDER**[1]

This matter comes before the Court on Defendant Jaime Garcia's Motion for a Sentence Modification under 18 U.S.C. § 3582(c)(2) as Authorized by Guidelines Amendment 782 (Doc. #86) filed on May 20, 2016, the United States Probation Office's Amendment 782 Memorandum (Doc. #88), and the Notice that the Federal Defender's Office has Satisfied the Requirements Imposed by Amendment 782 Omnibus Order (Doc. #92).

Defendant pleaded guilty to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Doc. #44), and the Court sentenced him to 188 months' imprisonment and 60 months' supervised released (Doc. #45). When Defendant recently violated a term of his supervised release, the undersigned sentenced him to 33 months' imprisonment. (Doc. #85).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Prior to Defendant's sentencing for the supervised release violation, the United States Sentencing Commission promulgated Amendment 782 to the United States Sentencing Guidelines, which retroactively reduced the offense levels in U.S.S.G. § 2D1.1's drug quantity table. Because of Amendment 782, Defendant moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2). (Doc. #86).

The Court appointed the Federal Public Defender's Office ("FPD") to represent Defendant in order to determine his eligibility for Amendment 782 relief. (Doc. #87; Doc. #87-1). Since then, the FPD has reviewed the record and determined that Defendant is not eligible for a sentence reduction because he is currently serving a term of imprisonment for a revocation of his supervised release. (Doc. #92 at 2). The FPD has advised Defendant of its determination, as well as the Probation Office's Amendment 782 Memorandum that reached the same conclusion. (Doc. #88).

Under 18 U.S.C. § 3582, a court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that the Sentencing Commission subsequently lowered. But, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008).

Here, Defendant is not eligible for Amendment 782 relief because he was sentenced based on a revocation of his supervised release. The United States Sentencing Guidelines is clear that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised

release." U.S.S.G. § 1B1.10, cmt. n.7(A). Because Defendant was resentenced for a revocation of his supervised release, Amendment 782 does not apply. The Court, therefore, denies his motion for a sentence reduction.

Accordingly, it is now

**ORDERED:**

(1) Defendant Jaime Garcia's Motion for a Sentence Modification under 18 U.S.C. § 3582(c)(2) as Authorized by Guidelines Amendment 782 (Doc. #86) is **DENIED**.

(2) The Federal Public Defender's Office is relieved of further responsibility in this case, without prejudice, and no further action will be taken with regard to the appointment. The Clerk shall terminate the Federal Public Defender's Office as counsel of record.

**DONE AND ORDERED** in Fort Myers, Florida, on this 6th day of September 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record