UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                          CASE NO.: 2:98-CR-31-FtM-38UAM

JAIME GARCIA

## **OPINION AND ORDER**[1]

Before the Court is Defendant Jaime Garcia's letter motion for a sentence reduction (Doc. 96), Garcia's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. 102) and the Government's response in opposition (Doc. 103). The United States Probation Office has also filed confidential memoranda addressing Garcia's eligibility for a sentence reduction.  (Doc. 100; Doc. 105).  For the below reasons, the Court grants Garcia's motion.

## **BACKGROUND**

In 1998, Garcia pled guilty to possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, a crime which then carried a statutory range of 5 to 40 years' imprisonment.  (Doc. 44).  At sentencing, Garcia was held accountable for over twenty grams of cocaine base and classified as a career offender under U.S.S.G. § 4B1.1.   The Court ultimately sentenced him to 188 months' imprisonment and 60 months' supervised release.  (Doc. 45).

Garcia completed the prison term.  But the same cannot be said for supervised release.  Three years into that term, Garcia returned to selling drugs.  This led to a new

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

federal drug conviction and sentence of 46 months' imprisonment. *See United States v. Garcia*, No. 15-cr-89-FtM-38MRM. But Garcia's legal troubles did not end there.

The new federal indictment also meant that Garcia violated the terms of his supervised release for the 1998 offense. So, in January 2016, the Court revoked his supervised release and sentenced him to 33 months' imprisonment to run consecutive to the related federal case.[2] (Doc. 85). The Court sentenced him so because, at that time, the statutory maximum for a revocation of supervised release was three years' imprisonment and a Class B felony. (Doc. 105 at 2).

Fast forward almost three years. In December 2018, Congress passed the First Step Act that, among other things, retroactively applied the Fair Sentencing Act of 2010. And that statute reduced the mandatory minimum penalties for crack cocaine crimes like Garcia's 1998 offense. So, had Garcia been sentenced under the Fair Sentencing Act's provisions, he would have faced a statutory maximum of 20 years imprisonment, 3 years of supervised release, and 2 years of imprisonment (Class C felony) for any revocation of supervised release. (Doc. 105 at 2).

Because the First Step Act applies retroactively, Garcia now moves for a sentence reduction. He argues that he is eligible for such relief because his 1998 offense and corresponding supervised release violation are covered offenses. He thus asks the Court to reduce his sentence to the greater of either one year and one day, or time served. Alternatively, he asks the Court to reduce his sentence to 24 months' imprisonment, which is the new statutory maximum for revocations of supervised release. Although the Government agrees that Garcia is eligible for a reduction, it argues the Court should deny

---

[2] Garcia is set to be released from prison on March 19, 2021. (Doc. 105 at 3).

such relief because Garcia's "violations of supervised release violate[d] this Court's trust and demonstrate[d] a continued disrespect for authority."  (Doc. 103 at 1).

## DISCUSSION

The First Step Act affords defendants who would have otherwise been eligible for relief under the Fair Sentencing Act, but for their sentencing date, an opportunity to seek relief.  It authorizes sentence reductions "as if" today's statutory penalty provisions had been in place at the time of sentencing.  And the First Step Act covers prison sentences based on violations of supervised release terms.  See *Johnson v. United States*, 529 U.S. 694, 701 (2000) ("attributing postrevocation penalties to the original conviction); *United States v. Haymond*, 139 S. Ct. 2369, 2379 (2019) (plurality opinion) ("[A]n accused's final sentence includes any supervised release sentence he may receive."); *see also United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019); *United States v. Woods*, 949 F.3d 934, 937 (6th Cir. 2020).  Eligibility aside, reductions under the First Step Act are entirely within the courts' discretion.

After considering the record, parties' arguments, 18 U.S.C. 3553(a) factors, and other relevant law, the Court will reduce Garcia's sentence to 24 months' imprisonment—the new statutory maximum to which he is subject.  The Court does so in the spirit of the First Step Act because had it sentenced Garcia as if today's penalty provisions had been in place, it would have found that a sentence of 24 months' imprisonment was sufficient but not greater than necessary to serve the interests of sentencing.

In reaching this finding, the Court has considered Garcia's letter dated December 19, 2019, in which he discusses responsibility for his criminal activities and his recent efforts to rehabilitate himself while incarcerated.  In fact, since his latest return to prison,

Garcia has enrolled in GED preparation courses and completed several educational/vocational classes.  (Doc. 102-3; Doc. 105 at 3).  The Court, however, declines to reduce Garcia's sentence any further because of his extensive criminal history of drug, theft, battery, and assault crimes since the age of fifteen.  It also takes serious Garcia's decision to sell drugs while on supervised release, which violated this Court's trust and reaffirmed his disrespect for authority.  A sentence of 24 months' imprisonment thus provides adequate deterrence to criminal conduct, protects the public from Garcia committing future crimes, and promotes respect for the law.

In conclusion, the Court will exercise its discretion to grant Garcia's motion to the extent that it will reduce his sentence in this case to 24 months' imprisonment.

Accordingly, it is

**ORDERED**:

(1) Defendant Jaime Garcia's letter motion for a sentence reduction (Doc. 96), and Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. 102) are **GRANTED** to the extent that his sentence in the above-captioned case is reduced to 24 months' imprisonment to run consecutive with the sentence in Case No. 2:15-cr-89-FtM-38MRM.

(2) The Clerk is **DIRECTED** to enter a modified judgment in accordance with this Opinion and Order.

**DONE and ORDERED** in Fort Myers, Florida on this 3rd day of June 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All parties of record